IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE HILTON-DAVIS Administratrix of Estate of LISA J. HILTON, deceased,<br>    Plaintiff,<br>       v.<br>UNITED STATES OF AMERICA, LABORATORY CORPORATION OF AMERICAN ("LABCORP"), ANTONIUS SEHONANDA, M.D., "SUE", KAREN WAY, R.N., and JOHN DOES I-X,<br>    Defendants. | CIVIL NO. 12-742(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

ANDREW J. STERN
KLINE & SPECTER, PC
1525 LOCUST STREET
PHILADELPHIA, PA 19102

    On behalf of plaintiff

PETER G. O'MALLEY
OFFICE OF THE U.S. ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

    On behalf of defendant United States of America

DEMETRIOS C. BATSIDES
DUANE MORRIS LLP
ONE RIVERFRONT PLAZA
1037 RAYMOND BOULEVARD
SUITE 1800
NEWARK, NJ 07102

    On behalf of defendants LabCorp and Antonius Sehonanda, M.D.

**HILLMAN,** District Judge

    Presently before the Court is the motion of defendant, United

States of America, to dismiss plaintiff's complaint for failure to exhaust her administrative remedies under the Federal Tort Claims Act. For the reasons expressed below, the Court will grant defendant's motion and dismiss plaintiff's claims against the United States without prejudice. The Court will also remand the remaining state law claims against defendants LabCorp and Antonius Sehonanda, M.D. for lack of subject matter jurisdiction if plaintiff cannot demonstrate within ten days that diversity jurisdiction exists for these claims.

## BACKGROUND

On September 25, 2009, Lisa J. Hilton, who suffered from Stage IIB cervical cancer, passed away. Believing that the delay in the diagnosis and treatment of Ms. Hilton's cancer was the cause of her death, on September 23, 2011, plaintiff Annette Hilton-Davis, the administratrix of the estate of her sister, filed a wrongful death and survival action against CAMCare Health Corporation and her treating medical providers employed by CAMCare, nurse practitioner Tobi Smolensky, Andrenette Fleming, M.D., registered nurse Karen Way, and "Sue." She also filed suit against LabCorp and LabCorp employee Antonius Sehonandra, M.D.

After CAMCare and the other defendants were served with the complaint, on October 17, 2011, general counsel for CAMCare informed plaintiff's counsel that CAMCare is a Federally Qualified Healthcare Center, and that CAMCare's employees are deemed to be

federal employees under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Having been previously unaware of the status of CAMCare and its employees as covered under the FTCA, plaintiff filed a notice of claim on November 21, 2011. The LabCorp defendants filed their answer on November 28, 2011.

On February 7, 2012, the United States removed plaintiff's case to this Court, and substituted itself as a defendant for CAMCare and CAMCare's medical providers, pursuant to 28 U.S.C. § 2679(d)(2).[1] The United States then filed the instant motion to dismiss plaintiff's claims against it for plaintiff's failure to properly comply with the FTCA's requirement that prior to filing suit, plaintiff must have first presented the claim to, and it be denied by, the appropriate Federal agency. Plaintiff has opposed the United States' motion.[2]

---

[1] 28 U.S.C. § 2679(d)(2) provides,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

[2] LabCorp and Antonius Sehonanda, M.D. are not covered under the FTCA, and they have not taken any position on the United

**DISCUSSION**

A.  **Jurisdiction**

This Court has "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346.  Unless the requirements of 28 U.S.C. § 1332 are shown, this Court only has supplemental jurisdiction over plaintiff's claims against the non-federal defendants.  28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

B.  **Analysis**

  1.  *Plaintiff's claims against the United States*

In order to institute a civil tort action against the United

---

States' motion.  As discussed below, plaintiff's claims against these defendants must be remanded to state court unless diversity of citizenship exists.

States, an injured party must comply with two main provisions of the FTCA.  One requirement is that the claimant must first present the claim to the appropriate Federal agency, and that agency must either deny that claim in writing, or fail to make a final disposition of that claim within six months after it is filed.  It is only after the denial of the claim, or the passage of six months without any action by the government, when the injured party may institute a suit against the United States.  See 28 U.S.C. § 2675(a).

The other main requirement is the proper timing of the filing of a claim and a subsequent lawsuit.  An injured party must file her notice of claim within two years after such claim accrues.  28 U.S.C. § 2401(b).  Additionally, a suit must be filed in court within six months after the date the federal agency denies the claim.  Id.  Failure to comply with either of these requirements will forever bar a tort claim against the United States.  Id.; see also Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) ("Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed.").

In this case, plaintiff does not dispute that these provisions of the FTCA apply to her claims against the United States, and she also does not dispute that she did not file her FTCA claim until two months after the expiration of the two-year window.  Plaintiff,

5

however, argues that a provision in the FTCA equitably saves her claim from being untimely.  She also argues that because the six month pendency of her claim had a May 28, 2012 expiration date, it would be most judicious to retain jurisdiction of the entire case while the government assesses her claim.

Plaintiff is correct that the FTCA contains a provision that could possibly apply to her.  In situations where, as plaintiff claims is the case here, an injured party was unaware that the tortfeasor was a federal employee or otherwise covered under the FTCA at the time she filed her complaint, and she therefore failed to file a timely notice of claim, the FTCA provides that "the claim would have been timely had it been filed on the date the underlying civil action was commenced."  28 U.S.C. § 2679(5).  Thus, plaintiff contends that her September 23, 2011 complaint would deem her November 21, 2011 notice of claim to be timely because her claim accrued on September 25, 2009.

The Court, however, cannot apply that provision at this time.  In order for it to apply, plaintiff's action must have already been dismissed.  The provision provides,

> <u>Whenever an action</u> or proceeding in which the United States is substituted as the party defendant under this subsection <u>is dismissed for failure first to present a claim</u> pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

6

>    (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(5) (emphasis added).

Although it may seem to be a superfluous exercise to dismiss plaintiff's case only to have it possibly revived in the near future, the goals of the FTCA are served by this procedure.  The purpose in requiring administrative presentment is to encourage the settlement of meritorious claims.  White-Squire v. U.S. Postal Service, 592 F.3d 453, 459 (3d Cir. 2010) (citation omitted) (explaining that "prompt settlement of claims provides considerable benefits to both the courts and the parties by avoiding costly litigation and compensating the injured party in a timely manner").  Through the FTCA, the Government has "considerately provided [claimants] with convenient and expeditious machinery for settlement of [their] alleged damages and injuries."  Id. (citations omitted).  The failure to comply with these procedures "imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions."  McNeil v. U.S., 508 U.S. 106, 112 (1993).  Thus, "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command."  Id.

Accordingly, plaintiff's claims against the United States must be dismissed for her failure to file a tort claim notice prior to filing suit.  Should the United States deny her claim, or the claim

7

is deemed denied by the passage of time, and plaintiff reinstitutes her suit against the United States, then and only then may the Court address whether § 2679(5) deems her notice of claim to be timely.

### 2. *Plaintiff's claims against LabCorp and Antonius Sehonanda, M.D.*

When the United States removed plaintiff's case from New Jersey state court to this Court, as it was required to do under the FTCA, this Court had supplemental jurisdiction over plaintiff's state law claims against the defendants not covered by the FTCA – LabCorp and Antonius Sehonanda, M.D.  Now that the claims giving rise to jurisdiction are dismissed, it does not appear that this Court has any independent basis for jurisdiction over plaintiff's claims against these defendants, and the Court is inclined to not continue exercising supplemental jurisdiction over plaintiff's state law negligence claims against those defendants  If the claims against the United States are resolved, this case, involving New Jersey parties under New Jersey law, properly belongs in New Jersey state court.  See 28 U.S.C. 1376(c)(3); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

8

Even though there is no federal question remaining to provide jurisdiction, whether diversity of citizenship exists among the remaining parties to give the Court a nondelegable basis for jurisdiction is not clear.  The legal representative of the estate of a decedent is deemed to be a citizen of the same State as the decedent, 28 U.S.C. § 1332(c)(2).  Thus, although the administratrix, Hilton-Davis, is a citizen of Maryland, for diversity of citizenship purposes she is deemed to be a citizen of the same state as Lisa Hilton.  It appears from the complaint that Lisa Hilton was a citizen of New Jersey, and both LabCorp and Antonius Sehonanda, M.D. are citizens of New Jersey.  The citizenship of these parties, however, has not been precisely pleaded in the complaint.

Therefore, the Court will provide plaintiff with 10 days to demonstrate the citizenship of the remaining parties, and if the requirements of 28 U.S.C. § 1332 are met, the Court may properly retain jurisdiction over the remaining claims.  If no diversity of citizenship is shown, or the amount in controversy does not exceed $75,000, the Court will remand plaintiff's claims against LabCorp and Antonius Sehonanda, M.D. to the Superior Court of New Jersey, Law Division, Camden County.

## **CONCLUSION**

The Supreme Court has succinctly directed that the "FTCA bars claimants from bringing suit in federal court until they have

9

exhausted their administrative remedies." McNeil v. U.S., 508 U.S. 106, 113 (1993). Because plaintiff has not exhausted her administrative remedies, her complaint against the United States must be dismissed. As to her remaining claims against LabCorp and Antonius Sehonanda, M.D., the Court will issue an Order consistent with this Opinion.


July 12, 2012                          s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.